ST. LOUIS UNION TRUST CO. v. MISSOURI PAC. RY. CO. et al.

(Court of Civil Appeals of Texas. Texarkana. March 21, 1912. On Rehearing, April 11, 1912.)

1. LIMITATION OF ACTIONS (§ 133*) — CLAIM AGAINST RECEIVER—ALLOWANCE—EFFECT.

A receiver of a railroad company, who incurs, within his authority, debts for the renting of cars necessary in the operation of the railroad, and who approves and audits the claims therefor, thereby conserves, as against the statute of limitations, the rights of the companies furnishing the cars to demand a classification of their claims and a payment thereof out of the operating income in preference to other creditors, though the demands were incurred by the receiver more than two years before a motion for a classification of the demands and a payment out of the funds for distribution to creditors.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 569; Dec. Dig. § 133.*]

2. RECEIVERS (§ 163*)—ORDER FOR DISTRIBUTION—CONCLUSIVENESS.

An order in receivership proceedings, which directs a general distribution of the assets, and which makes a classification of the claims of the creditors, is final as to the parties to the adjudication, in the absence of fraud, accident, or mistake, and the court making a final order of distribution on such basis may properly refuse to disturb such distribution and classification, by striking out the allowance of interest on a claim.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 312–316; Dec. Dig. § 163.*]

3. APPEAL AND ERROR (§ 260*) — QUESTIONS REVIEWABLE—RULINGS ON EVIDENCE — EXCEPTIONS.

In the absence of a bill of exceptions, rulings on evidence are not reviewable on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1503–1515; Dec. Dig. § 260.*]

4. APPEAL AND ERROR (§ 878*) — CROSS-ASSIGNMENTS—QUESTIONS REVIEWABLE.

A cross-assignment of error by an appellee taking no appeal from the judgment will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3573–3580; Dec. Dig. § 878.*]

On Rehearing.

5. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

The error, if any, in admitting evidence is harmless, where the party complaining also offered the same evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

6. RECEIVERS (§ 150*) — ALLOWANCE OF CLAIMS—ASSIGNMENTS OF ERROR.

An objection to the allowance, in receivership proceedings against a railroad company, of claims for car rentals, does not include an objection to claims for damages growing out of freight shipments.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 267, 268; Dec. Dig. § 150.*]

7. RECEIVERS (§ 150*) — ALLOWANCE OF CLAIMS—JUDGMENTS—CONCLUSIVENESS.

A final judgment against the receiver of a railroad company for damages growing out of a freight shipment, not appealed from, is sufficient proof of the correctness of the amount to authorize the court to pass and classify it in ordering a distribution of the assets and classifying the claims.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 267, 268; Dec. Dig. § 150.*]

Appeal from District Court, Harrison County; W. C. Buford, Judge.

Proceedings by the Missouri Pacific Railway Company and others for the establishment of claims against the fund in the hands of the receiver of the Texas Southern Railway, in which the St. Louis Union Trust Company appeared and made objections. From a judgment allowing and classifying the claims, the St. Louis Union Trust Company appeals. Affirmed.

M. B. Templeton, of Dallas, and Chas. E. Carter, of Marshall, for appellant. F. H. Prendergast, Beard & Davidson, Jones & Bibb, T. P. Young, P. M. Young, Y. D. Harrison, M. P. McGee, and W. H. Strength, all of Marshall, for appellees.

LEVY, J. The appellees are various railway companies who furnished cars to the legally appointed and acting receiver of the Texas Southern Railway, to be used and transported by him in the necessary operation of the railway. The railway company owned no cars or equipment, and the receiver, in order to operate the railway, had to procure cars and equipment from other railway companies. Some cars were damaged, some were destroyed, and per diem rental was charged for the use of the cars; and these are the items that constitute the indebtedness in controversy. These appellees were present by motion asking the court to allow and classify their demands for payment out of the fund then before the court for distribution to creditors. The railway properties had been sold under decree, and the fund of sale was to be distributed by the court to the creditors of the receivership, and was the only fund to pay creditors. The fund was admittedly insufficient to pay all the creditors in full. The court audited and allowed appellees' claims, and classified them as operating expenses of the receiver, awarding them a priority of payment before appellant's certificates. Appellant was contesting the demands of appellees as to amount and priority of payment, and appeals from the order of the court allowing appellees' demands.

By the first assignment it is contended that the finding of the court that 25 cents per day per car rental of the cars used by the receiver was owing by the receiver and was a just and reasonable charge was unsupported by the evidence and is excessive. We conclude that there is evidence to support the finding, and that the amount is not excessive; and the assignment is accordingly overruled.

[1] The second and tenth assignments are to the effect that some of the items of the

appellee railway companies' demands were incurred by the receiver more than two years before the motion was filed to have the demands classified and paid out of the fund to be distributed to creditors, and was therefore barred by the statutes of limitation. The indebtedness was incurred by the receiver as his necessary operating expenses, and upon their accrual he approved and audited the accounts as a just and proper charge. There were not funds sufficient to pay the accounts derived from operating of the road, and the same were carried over by the receiver until such time in the course of the receivership proceedings that a fund was available to pay his indebtedness. No fund to pay claims existed until the sale of the properties under decree of the court. It is this fund that the creditors seek to have applied to their demands. The receiver having the authority to contract the debts as operating expenses, and the authority to audit and pay same out of the operating income, his audit and approval would so far conserve the rights of such creditors to payment in the due course of the receivership proceedings as to interrupt any running of the statute of limitation against the claims from the time of the audit and approval by the receiver to the time the court might thereafter direct the payment. The due course of the administration of the properties required, it plainly appears, the delay in payment. The assignments are overruled.

[2] The third and fourth assignments are overruled. In the final order of distribution of the fund, on November 9, 1908, to creditors generally, the court, it appears, in computing and passing the amount to be paid to the Western Supply & Manufacturing Company, a judgment creditor of the receiver embraced in such order, added legal interest to the principal to the date of the order, and directed the receiver to pay such total amount. This order of classification and payment was appealed from by appellant, and finally determined. Union Trust Co. v. Railway Co., 126 S. W. 296. After the return of the mandate, and on the 20th day of May, 1911, the appellant filed a motion in the district court asking the court to preclude the receiver from paying the item of interest mentioned in the former order of general distribution. The court denied the motion. The overruling of the motion by the court involves the finding by the court that there was no fraud, accident, or mistake in the entry of the former order. In the absence of fraud, accident, or mistake, the former order of general distribution to creditors was entitled to remain a finality, for appellant and the Supply Company were both parties, among a number of others, to the former adjudication and appeal. The contest of amount payable and the calculation of interest could have there been raised in the former adjudication between the parties, which was not done. Besides, the court

having made a final order of general distribution of the fund to all creditors on the basis of the proportionate share fixed and coming to each creditor, and there being neither fraud, accident, nor mistake in the entries, it was within the power of the court to refuse thereafter at this late date to disturb and unsettle the calculations and general distribution so previously made.

The fifth and sixth assignments refer to objection made to the report of the receiver, as evidence. The assignments are overruled, for no bill of exception appears in this record; and besides, appellant itself, according to this record, seems to have offered the report in evidence.

[3] The seventh, eighth, and ninth assignments, which relate to the introduction of evidence, are overruled, as no bill of exceptions appears in this record in respect thereto.

The eleventh and twelfth assignments, which relate to contentions with respect to classification and payment of the certificates, are overruled. This question was finally adjudicated on the former appeal. Trust Co. v. Railway Co., 126 S. W. 296, writ of error denied.

[4] The cross-assignments of error made by certain of the appellees, asking that their demands be raised in amounts against the receiver, are not considered, because no appeal was made by them from the judgment.

The judgment is ordered affirmed.

On Rehearing.

[5] We are in error in stating that no bill of exception appears under the fifth and sixth assignments; it does appear in the statement of facts. The assignments, though, should be overruled, for the error, if any, in admitting the receiver's report was harmless, because according to the record appellant itself also offered the same report in evidence. The record here shows "the St. Louis Union Trust Co. next offered in evidence the following report of the Receiver C. L. Taylor, and is in words and figures as follows:" (Here follows the report.)

[6, 7] We are requested to state conclusions of fact in respect to the claims of J. M. Langford and the Vicksburg, Shreveport & Pacific Railway Company. It was the contention in the brief, as in this motion, that the evidence is insufficient to support the claims. We were of the opinion, as now, that the first assignment, which is the one relied upon, would not authorize us to consider such objections to those and other claims. The assignment confines the objections to the allowance of 25 cents per day for car rentals. The Langford claim is not for car rental, but a claim for damages growing out of a freight shipment, and clearly, we think, not within the objections of the assignment. The claim of the railway mentioned is based on a final judgment rendered by the county court against the receiver, and not appealed from. Even if this

claim be within the assignment, the judgment itself was such sufficient proof of its correctness of amount as to authorize the court to pass and classify it, and the objection that there was no evidence to support the correctness of the amount could not be sustained.

The motion is in all things overruled.